# EXHIBIT A

**LOVE & RANDALL, ESQS.**
57 WASHINGTON STREET
EAST ORANGE, NEW JERSEY   07017
(973)674-6000
ATTORNEY(S) FOR PLAINTIFF
NJ BAR ID: 274101972
E-FILED

| | |
|---|---|
| **LUCILLE P. FARRELL SCOTT** | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION - ESSEX COUNTY |
| | : |
| Plaintiff | : |
| | : DOCKET NO.: |
| vs. | : |
| | :      CIVIL ACTION |
| **THE HOME DEPOT, their agents,** | : |
| **Servants, employees,** | : |
| **successors and/or assigns,** | :   **COMPLAINT AND JURY DEMAND** |
| **123 MAINTENANCE COMPANY** | : |
| **(1-100), their agents,** | : |
| **servants, employees,** | : |
| **successors and/or assigns,** | : |
| **(said name being fictitious),** | : |
| **IVY ACRES, their agents,** | : |
| **Servants, employees,** | : |
| **Successors and/or assigns,** | : |
| **456 MAINTENANCE COMPANY** | : |
| **(1-100) (said name being** | : |
| **fictitious), JOHN DOE(S)** | : |
| **1-100 (said name being** | : |
| **fictitious), ABC** | : |
| **CORPORATION(S) 1-100 (said** | : |
| **name being fictitious) and** | : |
| **789 MAINTENANCE COMPANY** | : |
| **(1-100) (said name being** | : |
| **fictitious)** | : |
| | : |
| Defendant, | : |
| | : |

Plaintiff, **LUCILLE P. FARRELL SCOTT** residing at 4 Edge
Hill Road, in the Township of West Orange, County of Essex,
State of New Jersey, by way of Complaint against Defendant(s)
says:

### FIRST COUNT

1. On or about May 12, 2016, Plaintiff, **LUCILLE P. FARRELL SCOTT** was legally upon premises located at 60 Orange Street, in the Township of Bloomfield, County of Essex, State of New Jersey more commonly known as The Home Depot.

2. At the time and place aforesaid, the above named premises were under the ownership, operation, maintenance and control of Defendant(s), **THE HOME DEPOT, their agents, servants, employees, successors and/or assigns, 123 MAINTENANCE COMPANY (1-100), their agents, servants, employees, successors and/or assigns.**

3. At all times mentioned herein, Defendant(s) did fail to properly maintain, inspect, repair and control the premises in a safe and reasonable manner which did not pose a threat to Plaintiff and/or the general public. Defendant(s) did allow a certain dangerous and hazardous condition to exist and as a result of the negligence of the Defendant(s) as aforesaid, **PLAINTIFF, LUCILLE P. FARRELL SCOTT**, was caused to sustain severe personal injuries when she slipped and fell on premises owned and operated by Defendant(s).

4. By reason of the negligence of the Defendant(s) as aforesaid, **PLAINTIFF, LUCILLE P. FARRELL SCOTT** was injured in and about the head, body limbs, nervous system, internal organs, suffered pain and anguish, was incapacitated, and will in the future be incapacitated, was caused to expend

large sums of money to cure and treat the injuries and
suffered temporary and permanent disability all to her
detriment.

**WHEREFORE, PLAINTIFF, LUCILLE P. FARRELL SCOTT** demands
Judgment against Defendant(s), **THE HOME DEPOT, their agents,
servants, employees, successors and/or assigns, 123
MAINTENANCE COMPANY (1-100), their agents, servants,
employees, successors and/or assigns**, jointly, severally
and/or individually for damages together with interests and
cost of suit.

### SECOND COUNT

1. Plaintiff repeats each and every allegation set
forth in the First Count of the Complaint as if fully set
forth at length herein.

2. At the time and place aforesaid, the above named
premises were under the ownership, operation, maintenance and
control of Defendant(s), **IVY ACRES, their agents, servants,
employees, successors and/or assigns, 456 MAINTENANCE COMPANY
(1-100), their agents, servants, employees, successors and/or
assigns**.

3. At all times mentioned herein, Defendant(s) did fail
to properly maintain, inspect, repair and control the
premises in a safe and reasonable manner which did not pose a

threat to Plaintiff and/or the general public. Defendant(s) did allow a certain dangerous and hazardous condition to exist and as a result of the negligence of the Defendant(s) as aforesaid, **PLAINTIFF, LUCILLE P. FARRELL SCOTT**, was caused to sustain severe personal injuries when she slipped and fell on premises owned and operated by Defendant(s).

4. By reason of the negligence of the Defendant(s) as aforesaid, **PLAINTIFF, LUCILLE P. FARRELL SCOTT** was injured in and about the head, body limbs, nervous system, internal organs, suffered pain and anguish, was incapacitated, and will in the future be incapacitated, was caused to expend large sums of money to cure and treat the injuries and suffered temporary and permanent disability all to her detriment.

**WHEREFORE, PLAINTIFF, LUCILLE P. FARRELL SCOTT** demands Judgment against Defendant(s), **IVY ACRES, their agents, servants, employees, successors and/or assigns, 456 MAINTENANCE COMPANY (1-100), their agents, servants, employees, successors and/or assigns**, jointly, severally and/or individually for damages together with interests and cost of suit.

## THIRD COUNT

1. Plaintiff repeats each and every allegation set forth in the First and Second Counts of the Complaint as if fully set forth at length herein.

2. At the time and place aforesaid, the aforementioned premises were under the ownership, operation, maintenance and control of Defendant(s), **JOHN DOE(S) 1-100 (said named being fictitious), ABC CORPORATION(S) 1-100 (said name being fictitious) and 789 MAINTENANCE COMPANY (1-100) (said name being fictitious).**

3. At all times mentioned herein, Defendant(s) did fail to properly maintain, inspect, repair and control the premises in a safe and reasonable manner which did not pose a threat to Plaintiff and/or the general public. Defendant(s) did allow a certain dangerous and hazardous condition to exist and as a result of the negligence of the Defendant as aforesaid, **PLAINTIFF, LUCILLE P. FARRELL SCOTT,** was caused to sustain severe personal injuries when she slipped and fell on premises owned and operated by Defendant(s).

4. By reason of the negligence of the Defendant(s) as aforesaid, **PLAINTIFF, LUCILLE P. FARRELL SCOTT** was injured in and about the head, body limbs, nervous system, internal organ, suffered pain and anguish, was incapacitated, and will in the future be incapacitated, was caused to expend large sums of money to cure and treat the injuries and suffered temporary and permanent disability all to her detriment.

**WHEREFORE, PLAINTIFF, LUCILLE P. FARRELL SCOTT** demands Judgment against Defendant(s), **JOHN DOE(S) 1-100 (said named being fictitious), ABC CORPORATION(S) 1-100 (said name being fictitious) and 789 MAINTENANCE COMPANY (1-100) (said name being fictitious),** jointly, severally and/or individually for damages together with interests and cost of suit.

## JURY DEMAND

Plaintiff hereby demands trial by Jury as to all issues of fact.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that **MELVIN C. RANDALL, ESQ.**, is hereby designated as Trial Counsel on behalf of Plaintiff, Lucille P. Farrell Scott.

**LOVE & RANDALL, ESQS.**
**Attorney(s) for Plaintiff**

BY _____
**MELVIN C. RANDALL, ESQ.**

**Dated: April 25, 2018**

## CERTIFICATION

Pursuant to the Rules of the Court, the matter in controversy herein is not the subject of any other Court or Arbitration Hearing, nor is any other Court or Arbitration proceeding contemplated.

**LOVE & RANDALL, ESQS.**
**Attorney(s) for Plaintiff**

BY _____
**MELVIN C. RANDALL, ESQ.**

**Dated: April 25, 2018**

## Appendix XII-B1

| | | | | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|---|---|
| | **CIVIL CASE INFORMATION STATEMENT** (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | | | PAYMENT TYPE: ☐CK ☐CG ☐CA |
| | | | | CHG/CK NO. |
| | | | | AMOUNT: |
| | | | | OVERPAYMENT: |
| | | | | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| MELVIN C. RANDALL, ESQ. | (973) 674-6000 | Essex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| LOVE & RANDALL, ESQS. | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 57 WASHINGTON STREET EAST ORANGE, NEW JERSEY 07017 | COMPLAINT |

| | JURY DEMAND ■ YES ☐ No |
|---|---|

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| LUCILLE P. FARRELL SCOTT, Plaintiff | LUCILLE P. FARRELL SCOTT v. THE HOME DEPOT, 123 MAINTENANCE CO., IVY ACRES, 456 MAINTENCE CO., JOHN DOE (S), ABC CORP(S) and 789 MAINTENANCE CO. |

| CASE TYPE NUMBER (See reverse side for listing) 605 | HURRICANE SANDY RELATED? ☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|

| RELATED CASES PENDING? ☐ YES ■ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☐ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. | ☐ NONE ☐ UNKNOWN |
|---|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ☐ BUSINESS ☐ OTHER (explain) |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ■ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|

| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |
|---|---|

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

### Track III - 450 days' discovery
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271  ACCUTANE/ISOTRETINOIN
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 285  STRYKER TRIDENT HIP IMPLANTS
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 289  REGLAN
- 290  POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291  PELVIC MESH/GYNECARE

- 292  PELVIC MESH/BARD
- 293  DEPUY ASR HIP IMPLANT LITIGATION
- 295  ALLODERM REGENERATIVE TISSUE MATRIX
- 296  STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297  MIRENA CONTRACEPTIVE DEVICE
- 299  OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300  TALC-BASED BODY POWDERS
- 601  ASBESTOS
- 623  PROPECIA
- 624  STRYKER LFIT CoCr V40 FEMORAL HEADS

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-002957-18

**Case Caption:** FARRELL SCOTT LUCILLE  VS THE HOME DEPOT

**Case Initiation Date:** 04/25/2018

**Attorney Name:** MELVIN C RANDALL

**Firm Name:** LOVE & RANDALL

**Address:** 57 WASHINGTON STREET
EAST ORANGE NJ 07017

**Phone:**

**Name of Party:** PLAINTIFF : Farrell Scott, Lucille, P

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/25/2018
Dated

/s/ MELVIN C RANDALL
Signed

**WONG FLEMING**
Linda Wong, Esq. (NJ Bar No. 27201982)
821 Alexander Road, Suite 200
Princeton, NJ 08540
Telephone: (609) 951-9520
Fax: (609) 951-0270
lwong@wongfleming.com
*Attorneys for Defendant Home Depot U.S.A., Inc. (improperly referenced in the Complaint as "The Home Depot")*

| | |
|---|---|
| LUCILLE P. FARRELL SCOTT,<br><br>               Plaintiff,<br><br>    v.<br><br>THE HOME DEPOT, their agents, Servants, employees, successors and/or assigns, 123 MAINTENANCE COMPANY (1-100), their agents, servants, employees, successors and/or assigns, (said name being fictitious), IVY ACRES, their agents, Servants, employees, Successors and/or assigns, 456 MAINTENANCE COMPANY (1-100) (said name being fictitious), JOHN DOE(S) 1-100 (said name being fictitious), ABC CORPORATION(2) 1-100 (said name being fictitious) and 789 MAINTENANCE COMPANY (1-100) (said name being fictitious),<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – ESSEX COUNTY<br><br>DOCKET NO.:  ESX-L-002957-18<br><br>CIVIL ACTION<br><br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

       Defendant Home Depot U.S.A., Inc., (improperly referenced in the Complaint as "The Home Depot.") ("Defendant" or "Home Depot") through its attorneys, Wong Fleming, in response to the Complaint filed by Plaintiff Lucille P. Farrell Scott ("Plaintiff"), states the following:

## FIRST COUNT

1.      Defendant Home Depot is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 1 of the First Count of the Complaint, and, therefore, neither admits nor denies same and leaves Plaintiff to her proofs.

2.      Defendant Home Depot admits that it operates a Home Depot store located at 60 Orange Street, Bloomfield, NJ 07003 and denies the remaining allegations contained in paragraph 2 of the First Count of the Complaint.

3.      Defendant Home Depot denies the allegations contained in paragraph 3 of the First Count of the Complaint.

4.      Defendant Home Depot denies the allegations contained in paragraph 4 of the First Count of the Complaint.

**WHEREFORE,** Defendant Home Depot demands that the Court dismiss Plaintiff's Complaint and award Defendant Home Depot costs of suit, and any other relief that the Court deems just.

## SECOND COUNT

1.      Defendant Home Depot repeats and restates each and every response to the allegations of the First Count of the Complaint as if fully set forth at length herein.

2.      Defendant Home Depot is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 2 of the Second Count of the Complaint, and, therefore, neither admits nor denies same and leaves Plaintiff to her proofs.

3.      Defendant Home Depot is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 3 of the Second Count of the Complaint, and,

2

therefore, neither admits nor denies same and leaves Plaintiff to her proofs.  To the extent these allegations infer or imply any liability or wrongdoing on behalf of this answering party, these allegations are denied.

4.      Defendant Home Depot is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 4 of the Second Count of the Complaint, and, therefore, neither admits nor denies same and leaves Plaintiff to her proofs. To the extent these allegations infer or imply any liability or wrongdoing on behalf of this answering party, these allegations are denied.

**WHEREFORE,** Defendant Home Depot demands that the Court dismiss Plaintiff's Complaint and award Defendant Home Depot costs of suit, and any other relief that the Court deems just.


## THIRD COUNT

1.      Defendant Home Depot repeats and restates each and every response to the allegations of the First and Second Counts of the Complaint as if fully set forth at length herein.

2.      Defendant Home Depot is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 2 of the Third Count of the Complaint, and, therefore, neither admits nor denies same and leaves Plaintiff to her proofs.

3.      Defendant Home Depot is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 3 of the Third Count of the Complaint, and, therefore, neither admits nor denies same and leaves Plaintiff to her proofs.  To the extent these allegations infer or imply any liability or wrongdoing on behalf of this answering party, these allegations are denied.

3

4.       Home Depot is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 4 of the Third Count of the Complaint, and, therefore, neither admits nor denies same and leaves Plaintiff to her proofs.  To the extent these allegations infer or imply any liability or wrongdoing on behalf of this answering party, these allegations are denied.

**WHEREFORE,** Defendant Home Depot demands that the Court dismiss Plaintiff's Complaint and award Defendant Home Depot costs of suit, and any other relief that the Court deems just.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to set forth a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant Home Depot owed no duty to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Defendant Home Depot breached no duty to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, and which are denied, were not caused by any conduct of Defendant Home Depot.

### FIFTH AFFIRMATIVE DEFENSE

4

Plaintiff has not suffered damages proximately caused by or attributable to Defendant Home Depot's conduct.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, as the damages alleged by Plaintiff, if any, and which are denied, were caused by the acts or omissions of others for whom Defendant Home Depot is not responsible or liable.

### SEVENTH AFFIRMATIVE DEFENSE

Benefits paid by a healthcare carrier, Medicare or Medicaid are to be deducted from any award pursuant to N.J.S.A. 2A:15-97 in accordance with the collateral source rule.

### EIGHTH AFFIRMATIVE DEFENSE

The injuries and damages complained of by Plaintiff pre-existed, or were sustained after the incident that is the subject matter of the Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous, in violation of N.J.S.A. 2A:15-59.1.

### TENTH AFFIRMATIVE DEFENSE

The comparative fault of other parties bars or limits recovery against Defendant Home Depot under New Jersey's Comparative Negligence Act and New Jersey's Joint Tortfeasor Contribution Law.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the collateral source rule.

### TWELFTH AFFIRMATIVE DEFENSE

The doctrine of Avoidable Consequences bars or limits Plaintiff's recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

The damages alleged were due to a condition of which Defendant Home Depot had no actual or constructive notice.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name all necessary and indispensable parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

The injuries and damages complained of were the proximate result of the negligence of third parties over whom Defendant Home Depot had no control.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The damages alleged were the result of unforeseeable, intervening or superseding acts of others independent of Defendant Home Depot, which bar Plaintiff's cause of action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any injuries or damages allegedly sustained by Plaintiff were caused by the sole and contributory negligence of Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant Home Depot reserves the right to raise additional affirmative defenses.

## **DEMAND FOR DOCUMENTS**

Demand is hereby made upon Plaintiff to furnish within five (5) days of the receipt of this Answer, all documents referenced in the Complaint pursuant to R. 4:18-2.

6

## <u>DEMAND FOR ANSWERS TO INTERROGATORIES</u>

Pursuant to R. 4:17-1(b)(1), demand is hereby made upon Plaintiff to answer Form "A" Uniform Set of Interrogatories of Appendix II, within the time prescribed by the Rules Governing the Courts of New Jersey.  Defendant Home Depot reserves the right to propound additional supplemental interrogatories under the Rules.

## <u>DEMAND FOR DISCOVERY OF INSURANCE INFORMATION</u>

Pursuant to R. 4:18-1, Defendant Home Depot hereby demands that Plaintiff furnish all information relative to any insurance coverage Plaintiff may have relating to the claims which are the subject of the within action.

## <u>DEMAND FOR WRITTEN STATEMENT OF DAMAGES</u>

Demand is hereby made upon Plaintiff to furnish within five (5) days of the receipt of this Answer, a written Statement of Damages claimed pursuant to R. 4:5-2.

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Pursuant to R. 4:25-4, Linda Wong, Esq. is hereby designated as Trial Counsel in the above captioned matter.

**WONG FLEMING**
*Attorneys for Defendant Home Depot*
*U.S.A., Inc. (improperly referenced in the*
*Complaint as "The Home Depot")*

Dated:  October 24, 2018

By:   */s/Linda Wong*
Linda Wong

7

## <u>CERTIFICATION OF COMPLIANCE WITH R. 1:38-7(c)</u>

I certify that confidential personal identifiers are not contained in any documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(c).

Dated: October 24, 2018                                  */s/Linda Wong*_____
                                                                       Linda Wong

## <u>R. 4:5-1 and R. 4:6-1 CERTIFICATIONS</u>

I hereby certify, pursuant to R. 4:5-1, based upon information which is presently known to me, that this matter in controversy is not the subject of any other court or arbitration proceedings. I further certify that, as of this date, I am not aware of any other parties that should be joined in this action, and investigation is ongoing as to whether other potentially liable parties should be joined in this action, and this pleading may be amended as a result of that investigation. I also certify, pursuant to R. 4:6-1(a), that the within pleading was served within the time period allowed by the Rules Governing the Courts of New Jersey.

Dated: October 24, 2018                                  */s/Linda Wong*_____
                                                                       Linda Wong

8

**WONG FLEMING**
Linda Wong (Id. No. 27201982)
821 Alexander Road, Suite 200
Princeton, NJ  08540
Telephone: (609) 951-9520
Fax: (609) 951-0270
lwong@wongfleming.com
*Attorneys for Defendant Home Depot U.S.A., Inc. (improperly referenced in the Complaint as "The Home Depot")*

|  |  |
|---|---|
| LUCILLE P. FARRELL SCOTT,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE HOME DEPOT, their agents, Servants, employees, successors and/or assigns, 123 MAINTENANCE COMPANY (1-100), their agents, servants, employees, successors and/or assigns, (said name being fictitious), IVY ACRES, their agents, Servants, employees, Successors and/or assigns, 456 MAINTENANCE COMPANY (1-100) (said name being fictitious), JOHN DOE(S)  1-100 (said name being fictitious), ABC CORPORATION(2) 1-100 (said name being fictitious) and 789 MAINTENANCE COMPANY (1-100) (said name being fictitious),<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – ESSEX COUNTY<br><br>DOCKET NO.:  ESX-L-002957-18<br><br>CIVIL ACTION<br><br>**CERTIFICATE OF SERVICE** |

I, Linda Wong, of full age, hereby certify to the following:

1.   I am a partner with the firm of Wong Fleming, attorneys representing Home Depot U.S.A., Inc. (improperly referenced in the Complaint as "The Home Depot") ("Defendant" or "Home Depot") in the above-captioned matter.

2.   This Certificate of Service is based upon my personal knowledge with regard to the service of pleadings in this case as to the following documents:

    a.  Answer to the Complaint and Affirmative Defenses; and

    b.  This Certificate of Service.

3.  On October 24, 2018, I caused the aforementioned documents to be electronically filed with the Clerk of the Superior Court of New Jersey, Essex County, using New Jersey eCourts, and that copies were served upon the following counsel of record via electronic notice from New Jersey eCourts electronic filing system:

Melvin C. Randall, Esq.
Love and Randall, ESQs.
57 Washington Street
East Orange, New Jersey 07017
*Attorneys for Plaintiff Lucille Farrell-Scott*

I certify that the foregoing statements made by me are true and that if any of the foregoing statements made by me are willingly false, I am subject to punishment.

Dated: October 24, 2018          */s/ Linda Wong*
                                      Linda Wong

**WONG FLEMING**
Linda Wong, Esq. (NJ Bar No. 27201982)
821 Alexander Road, Suite 200
Princeton, NJ 08540
Telephone: (609) 951-9520
Fax: (609) 951-0270
lwong@wongfleming.com
*Attorneys for Defendant Home Depot U.S.A., Inc. (improperly referenced in the Complaint as "The Home Depot")*

| | |
|---|---|
| LUCILLE P. FARRELL SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, their agents,<br>Servants, employees, successors and/or<br>assigns, 123 MAINTENANCE<br>COMPANY (1-100), their agents, servants,<br>employees, successors and/or assigns, (said<br>name being fictitious), IVY ACRES, their<br>agents, Servants, employees, Successors<br>and/or assigns, 456 MAINTENANCE<br>COMPANY (1-100) (said name being<br>fictitious), JOHN DOE(S) 1-100 (said<br>name being fictitious), ABC<br>CORPORATION(2) 1-100 (said name<br>being fictitious) and 789 MAINTENANCE<br>COMPANY (1-100) (said name being<br>fictitious),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION -- ESSEX COUNTY<br><br>DOCKET NO.: ESX-L-002957-18<br><br>CIVIL ACTION<br><br><br>**STIPULATION TO EXTEND TIME<br>TO ANSWER OR OTHERWISE<br>PLEAD PURSUANT TO RULE 4:6-1(c)** |

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel

for Plaintiff Lucille P. Farrell Scott and Defendant Home Depot U.S.A., Inc. (improperly

referenced in the Complaint as "The Home Depot") that the time within which Defendant Home

Depot U.S.A., Inc. may file its responsive pleading, pursuant to R. 4:6-1(c), is extended by forty-

five (45) days from September 21, 2018, up to and including November 5, 2018.


**LOVE & RANDALL, ESQS.**
*Attorneys for Plaintiff*
*Lucille P. Farrell Scott*


By:
     Melvin C. Randall, Esq.

Dated:  October 8 , 2018


**WONG FLEMING**
*Defendant Home Depot U.S.A., Inc.*
*(improperly referenced in the Complaint as*
*"The Home Depot")*


By:
     Linda Wong, Esq.

Dated:  October 24, 2018

2

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-002957-18**

**Case Caption:** FARRELL SCOTT LUCILLE  VS THE HOME DEPOT

**Case Initiation Date:** 04/25/2018

**Attorney Name:** LINDA WONG

**Firm Name:** WONG FLEMING PC

**Address:** 821 ALEXANDER RD STE 200 PO BOX 3663
PRINCETON NJ 08543-3663

**Phone:**

**Name of Party:** DEFENDANT : THE HOME DEPOT

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Answer

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/24/2018
Dated

/s/ LINDA WONG
Signed

Virginia M. Barrett, Esq. (029161980)
BARRETT LAZAR, LLC
145 West Passaic Street
Maywood, New Jersey 07607
Tel.: (201) 843-5900
Attorneys for Defendant, IVY ACRES, INC. i/p/a IVY ACRES

| | |
|---|---|
| LUCILLE P. FARRELL SCOTT,<br>                    Plaintiff,<br><br>vs.<br><br>THE HOME DEPOT, their agents, Servants,<br>employees, successors and/or assigns, 123<br>MAINTENANCE COMPANY (1-100), their<br>agents, servants, employees, successors and/or<br>assigns, (said name being fictitious), IVY<br>ACRES, their agents, Servants, employees,<br>Successors and/or assigns, 456<br>MAINTENANCE COMPANY (1-100) (said<br>name being fictitious), JOHN DOE(S) 1-100<br>(said name being fictitious), ABC<br>CORPORATIONS(S) 1-100 (said name being<br>fictitious) and 789 MAINTENANCE<br>COMPANY (1-100) (said name being<br>fictitious),<br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION : ESSEX COUNTY<br>DOCKET NO. ESX-L-2957-18<br><br><br>                    Civil Action<br><br><br>**ANSWER, AFFIRMATIVE DEFENSES,<br>CROSSCLAIMS, ANSWER TO<br>CROSSCLAIMS, JURY DEMAND,<br>DEMAND FOR STATEMENT OF<br>DAMAGES, TRIAL ATTORNEY<br>DESIGNATION, CERTIFICATIONS** |

Defendant, IVY ACRES, INC. i/p/a IVY ACRES, through its attorneys, Barrett Lazar,

LLC, by way of Answer to the Complaint, says:

### FIRST COUNT

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph of this Count of the Complaint and leaves plaintiffs

to their proofs.

2.      The allegations contained in this paragraph of this Count of the Complaint do not pertain

to this defendant and as a result they make no answer thereto.  Insofar as the allegations

contained in this paragraph of the Complaint pertain to this defendant, same are denied.

3.      Defendant denies the allegations contained in this paragraph of this Count of the

Complaint.

4.      Defendant denies the allegations contained in this paragraph of this Count of the

Complaint.

WHEREFORE, defendant demands judgment dismissing the Complaint herein.

## SECOND COUNT

1.      Defendant repeats and re-alleges its answers to the First Count of the Complaint as

though more fully set forth herein.

2.      The allegations contained in this paragraph of this Count of the Complaint do not pertain

to this defendant and as a result they make no answer thereto.  Insofar as the allegations

contained in this paragraph of the Complaint pertain to this defendant, same are denied.

3.      Defendant denies the allegations contained in this paragraph of this Count of the

Complaint.

4.      Defendant denies the allegations contained in this paragraph of this Count of the

Complaint.

WHEREFORE, defendant demands judgment dismissing the Complaint herein.

## THIRD COUNT

1.      Defendant repeats and re-alleges its answers to the First and Second Counts of the

Complaint as though more fully set forth herein.

2.      The allegations contained in this paragraph of this Count of the Complaint do not pertain

to this defendant and as a result they make no answer thereto.  Insofar as the allegations

contained in this paragraph of the Complaint pertain to this defendant, same are denied.

3.      Defendant denies the allegations contained in this paragraph of this Count of the

Complaint.

4.      Defendant denies the allegations contained in this paragraph of this Count of the

Complaint.

WHEREFORE, defendant demands judgment dismissing the Complaint herein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

There is a lack of *in personam* jurisdiction over this party because sufficient minimum

contracts among this state, this action and this party do not exist.   The exercise of such

jurisdiction over this party is therefore in violation of this party's rights under the constitutions of

the State of New Jersey and the United States of America and this party reserves the right to

move for dismissal of the pleading.

### SECOND AFFIRMATIVE DEFENSE

There is a lack of *in personam* jurisdiction over these parties because there is

insufficiency of process and insufficiency of service of process.   The exercise of such

jurisdiction over these parties is, therefore, in violation of these parties' rights under the

Constitutions of the State of New Jersey and the United States of America and these parties

reserve the right to move for dismissal of the pleading.

### THIRD AFFIRMATIVE DEFENSE

The affirmative pleading herein fails to state a claim upon which relief may be granted

and these parties reserve the right to move at or before the time of trial to dismiss same.

### FOURTH AFFIRMATIVE DEFENSE

The claimants have failed to join a necessary or indispensable party without whom this

action cannot proceed.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to set forth a cause of action upon which relief may be granted pursuant N.J.S.A. 2A:58C-l, et. seq.

**SIXTH AFFIRMATIVE DEFENSE**

The affirmative pleading fails to state a claim upon which relief can be granted, the court lacks jurisdiction over the subject matter of this action, and the claimant is barred from recovery as a matter of law because the alleged claim was not made and perfected in the manner and within the time provided and required by the law, statute, regulation or contract upon which it is predicated.

**SEVENTH AFFIRMATIVE DEFENSE**

The claim is barred by the entire controversy doctrine and the mandatory counterclaim rule.

**EIGHTH AFFIRMATIVE DEFENSE**

The applicable law, rule, statute or regulation, including, but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the claimant, and accordingly, the claimant's claim is barred as a matter of law.

**NINTH AFFIRMATIVE DEFENSE**

The claimants were guilty of contributory negligence in failing to exercise due and proper care under the existing circumstances and conditions.

**TENTH AFFIRMATIVE DEFENSE**

Any and all injuries and damages sustained were the result of a third party over whom these parties had no control.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff assumed the risk and was fully cognizant of any and all circumstances surrounding the alleged incident.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or, at the very least, the damages to which he/she is entitled are to be reduced, by virtue of the doctrine of comparative negligence and the Comparative Negligence Act, N.J.S.A. 2A:15-5, et. seq.

## THIRTEENTH AFFIRMATIVE DEFENSE

The damages of the claimant are limited by the doctrine of avoidable consequences.

## FOURTEENTH AFFIRMATIVE DEFENSE

The damages alleged were the result of unforeseeable intervening acts of an agency independent of this party which bars plaintiff's cause of action.

## FIFTEENTH AFFIRMATIVE DEFENSE

The occurrence complained of was neither intended, foreseeable nor preventable by the exercise of reasonable care.

## CROSSCLAIM FOR CONTRIBUTION

Defendant denies liability with respect to plaintiff's claims.  However, if this defendant is judged liable, then it demands contribution from co-defendants, THE HOME DEPOT, 123 MAINTENANCE COMPANY, 456 MAINTENANCE COMPANY and 789 MAINTENANCE COMPANY, pursuant to the provision of the New Jersey Tortfeasors Contribution Act, N.J.S.A. 2A:53A, et seq.

## CROSSCLAIM FOR INDEMNIFICATION

This defendant denies any liability with respect to plaintiff's claims. However, if this defendant is judged liable to plaintiff, this defendant demands indemnification from co-defendants, THE HOME DEPOT, 123 MAINTENANCE COMPANY, 456 MAINTENANCE COMPANY and 789 MAINTENANCE COMPANY.

## CROSS-CLAIM FOR CONTRACTUAL INDEMNIFICATION

While denying any liability on its part to the plaintiffs, this defendant maintains that in the event it is adjudged liable for any loss, damage or injury plaintiffs may have sustained, such liability is technical and vicarious in nature and was a result of the active culpable negligence of co-defendants, THE HOME DEPOT, 123 MAINTENANCE COMPANY, 456 MAINTENANCE COMPANY and 789 MAINTENANCE COMPANY and this defendant is entitled to both common law indemnification and contractual indemnification herein.

WHEREFORE, defendant demands judgment of restitution, indemnity, contribution or apportionment of responsibility from the party or parties against whom this claim is asserted.

## ANSWER TO ALL CROSSCLAIMS

Defendant, IVY ACRES, INC. i/p/a IVY ACRES by way of answer to any and all Crossclaims heretofore and hereafter asserted against it, respectfully states it denies each and every allegation contained in such Crossclaim.

WHEREFORE, defendant demands judgment dismissing any and all Crossclaims plus costs either heretofore or hereafter asserted against it.

## JURY DEMAND

PLEASE TAKE NOTICE that defendant demands a trial of the issues by a jury of six persons.

## DEMAND FOR STATEMENT OF DAMAGES

PLEASE TAKE NOTICE that pursuant to R.4:5-2 the parties filing this Answer require

that you, within five days, furnish them with a statement of the damages claimed.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to R.4:25-4, Virginia M. Barrett, Esq. is hereby

designated Trial Counsel in the above-captioned matter.

BARRETT LAZAR, LLC
Attorneys for Defendant, IVY ACRES, INC. i/p/a
IVY ACRES

By: _____
VIRGINIA M. BARRETT, ESQ.

Dated: November 30, 2018

## CERTIFICATION

I hereby certify that a copy of the within document has been filed with the Clerk of the

captioned Court and that a copy of the same was served upon all interested attorneys, within the

time allowed by the Rules of the Court.

I hereby certify that the matter in controversy is not the subject of any other court action

or arbitration proceeding, now pending or contemplated, and I know of no other parties that

should be joined to this action.

BARRETT LAZAR, LLC
Attorneys for Defendant, IVY ACRES, INC. i/p/a
IVY ACRES

By: _____
VIRGINIA M. BARRETT, ESQ.

Dated: November 30, 2018

Virginia M. Barrett, Esq. (029161980)
BARRETT LAZAR, LLC
145 West Passaic Street
Maywood, New Jersey 07607
Tel.: (201) 843-5900
Attorneys for Defendant, IVY ACRES, INC. i/p/a IVY ACRES

| | |
|---|---|
| LUCILLE P. FARRELL SCOTT,<br>                            Plaintiff,<br>vs.<br><br>THE HOME DEPOT, their agents, Servants,<br>employees, successors and/or assigns, 123<br>MAINTENANCE COMPANY (1-100), their<br>agents, servants, employees, successors and/or<br>assigns, (said name being fictitious), IVY<br>ACRES, their agents, Servants, employees,<br>Successors and/or assigns, 456<br>MAINTENANCE COMPANY (1-100) (said<br>name being fictitious), JOHN DOE(S) 1-100<br>(said name being fictitious), ABC<br>CORPORATIONS(S) 1-100 (said name being<br>fictitious) and 789 MAINTENANCE<br>COMPANY (1-100) (said name being<br>fictitious),<br>                            Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION : ESSEX COUNTY<br>DOCKET NO. ESX-L-2957-18<br><br><br>Civil Action<br><br><br>**PROOF OF FILING** |

I hereby certify that a copy of the within Answer and CIS have been filed with the Clerk

of the Superior Court, Essex County via e-file.

VIRGINIA M. BARRETT, ESQ.

Dated: November 30, 2018

I, the undersigned, mailed a copy of the following:  Answer, CIS and Proof of

Filing/Mailing via e-file to:

Melvin C. Randall, Esq.
Love & Randall, Esqs.
57 Washington Street
East Orange, New Jersey 07017
**Attorney for Plaintiff**

Linda Wong, Esq.
Wong Fleming
821 Alexander Road, Suite 200
Princeton, New Jersey 08540
**Attorney for Defendant, Home Depot U.S.A.**

I hereby certify that the forgoing statements made by me are true to the best of my

knowledge.  I am aware that if any of the foregoing statements made by me are willfully false, I

am subject to punishment.

VIRGINIA M. BARRETT, ESQ.

Dated: November 30, 2018

Virginia M. Barrett, Esq. (029161980)
BARRETT LAZAR, LLC
145 West Passaic Street
Maywood, New Jersey 07607
Tel.: (201) 843-5900
Attorneys for Defendant, IVY ACRES, INC. i/p/a IVY ACRES

| | |
|---|---|
| LUCILLE P. FARRELL SCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>THE HOME DEPOT, their agents, Servants, employees, successors and/or assigns, 123 MAINTENANCE COMPANY (1-100), their agents, servants, employees, successors and/or assigns, (said name being fictitious), IVY ACRES, their agents, Servants, employees, Successors and/or assigns, 456 MAINTENANCE COMPANY (1-100) (said name being fictitious), JOHN DOE(S) 1-100 (said name being fictitious), ABC CORPORATIONS(S) 1-100 (said name being fictitious) and 789 MAINTENANCE COMPANY (1-100) (said name being fictitious),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION : Essex COUNTY<br>DOCKET NO. ESX-L-2957-18<br><br><u>Civil Action</u><br><br>**CONSENT ORDER VACATING DEFAULT AND EXTENDING TIME TO ANSWER**<br><br>F I L E D<br>NOV 27 2018<br>STEPHEN L. PETRILLO, J.S.C. |

**THIS MATTER** having been brought before the Court by the offices of Barrett Lazar, LLC, attorneys for defendant, IVY ACRES, INC. i/p/a IVY ACRES, and it appearing that default has been entered against defendant, IVY ACRES, INC. i/p/a IVY ACRES, and it further appearing that plaintiff's attorney has consented to vacate default;

**IT IS** on this 27 day of Nov , 2018.

**ORDERED** that default against defendant, IVY ACRES, INC. i/p/a IVY ACRES is hereby vacated and the time within which defendant may answer plaintiff's complaint is hereby extended for a period of twenty (20) days from the date hereof.



J. S. C.

Stephen L. Petrillo, J.S.C.

I hereby consent to the entry
of the foregoing Order.

_____
Melvin C. Randall, Esq.
Attorney for Plaintiff

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-002957-18

**Case Caption:** FARRELL SCOTT LUCILLE  VS THE HOME DEPOT

**Case Initiation Date:** 04/25/2018

**Attorney Name:** VIRGINIA M BARRETT

**Firm Name:** BARRETT LAZAR, LLC

**Address:** 145 W PASSAIC ST 2ND FL
MAYWOOD NJ 07607

**Phone:**

**Name of Party:** DEFENDANT : IVY ACRES

**Name of Defendant's Primary Insurance Company**
(if known): Farm Family Casualty Ins. Co.

**Case Type:** PERSONAL INJURY

**Document Type:** Answer

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>11/30/2018</u>
Dated

<u>/s/ VIRGINIA M BARRETT</u>
Signed